Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| ALARM FUNDING ASSOCIATES, LLC, a Maryland limited liability company,<br><br>   Plaintiff,<br> vs.<br><br>TASSIN INTEGRATED SYSTEMS, LLC, a Louisiana limited liability company; and NICHOLAS TASSIN, individually,<br><br>   Defendants. | Civil Action No. |

## DECLARATION OF JAMES MILLER

Pursuant to 28 U.S.C. §1746, I hereby declare as follows:

1. My name is James Miller. I am over the age of 18. I have never been convicted of a felony or a crime of dishonesty. I have personal knowledge of the facts stated herein.

2. I am a Manager of SEP Funding, LLC, which does business as Security Equity Partners, or SEP.

3. Like Alarm Funding Associations, SEP purchases security monitoring contracts from independent dealers to provide dealers with capital in exchange for the future revenue generated by the customer contracts.

4. Nick Tassin, of Tassin Integrated Systems, LLC, approached me in September, 2017 to discuss the possibility of selling Tassin Integrated's customer contracts to SEP.

5. Tassin provided SEP with a list of the customer accounts/contracts he wanted to sell to SEP. A true and correct copy of the email and list we received from Tassin is attached hereto as Exhibit 1.

6. The parties were scheduled to close their transaction on October 30, 2017, at which time SEP was going to buy Tassin's customer contracts listed on Exhibit 1.

7. As is standard business procedure, I advised Tassin that SEP could not move forward with the transaction until Tassin produced the original customer contracts. Tassin told me he sent the original contracts to SEP via Federal Express, but that Federal Express allegedly lost the contracts. Tassin then asked me if SEP would accept the carbon copy duplicate forms of the contracts created at the time of sale to the customer. Tassin's claim that FedEx lost the original contracts along with his request for SEP to accept duplicates raised a red flag in my mind as to Tassin's credibility.

8. I consequently contacted Alarm Funding Association in October 2017 as it is one of the larger companies in the business of buying security contract to inquire whether it had done business with Tassin. AFA, through Jake Westhoff, stated that AFA had previously done business with Tassin and that it owned many of his accounts, some if which it had acquired recently.

9. I then forwarded the list of the accounts Tassin wanted to sell SEP to AFA and AFA forwarded me a list of the accounts it had recently purchased from Tassin. The account lists were virtually identical, which meant that Tassin was attempting to sell SEP the very same accounts it already sold to AFA. I terminated the transaction.

10. Tassin never advised me or any other SEP employees that he had previously sold the accounts to AFA.

I declare under penalty of perjury, that the foregoing is true and correct.

_____
James Miller